**Erik LEONARD, Appellant,**

**v.**

**Billy BURGE, Appellee.**

**No. 09–01–387 CV.**

Court of Appeals of Texas, Beaumont.

Submitted March 28, 2002.

Decided April 11, 2002.

Erik Leonard, Houston, for appellant.

Frederick D. Junkin, Gabriela Rivero, Andrews & Kurth, Mayor, Day, Caldwell & Keeton, LLP, Houston, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

On December 14, 2000, Erik Leonard filed a petition contesting the 2000 arena referendum set by the Harris County–Houston Sports Authority. The contestee, Billy Burge, in his capacity as Chairman of the Board of Directors of the Harris County–Houston Sports Authority, filed a plea to the jurisdiction. The trial court granted the plea and dismissed the suit for lack of jurisdiction.

In support of his argument that the trial court abused its discretion in dismissing the contest for lack of jurisdiction, Leonard raises the following points of error:

*Point One:* Counsel for the contestee (now Appellee) presented a document (now in the record) in which Appellee Billy Burge gives a clear and explicit account of canvassing done by the Harris County–Houston Sports Authority on the 14th of November or later.

*Point Two:* Given proper definition of the word "canvassing," and even assuming Appellee Billy Burge was lying, Appellee failed to present any evidence supporting his claim that canvassing was completed on the 13th of November.

*Point Three:* Given proper definition of the word "canvassing," and even assuming Billy Burge was lying, and even if Appellee did present evidence which by itself would support his claim, Contestant (now Appellant) presented evidence making it clear that the Sports Authority did not complete its canvass until the 14th of November.

*Point Four:* Even given a broader definition of the word "canvassing" so that the body of the document the contestee (now Appellee) presented indicates canvassing done by the Sports Authority on the 13th of November, and even assuming Billy Burge was lying, Appellee failed to show that the Sports Authority was the final canvassing authority for the election.

*Point Five:* Even given a broader definition of the word "canvassing," so that the body of the document Appellee presented indicates canvassing done by the Sports Authority on the 13th, and even assuming Billy Burge was lying, and even assuming that the Sports Authority was necessarily the final canvassing authority for the election, the document as a whole makes it clear that the Sports Authority was still canvassing on the 14th.

As a preliminary matter, we must determine whether the documents attached to Burge's plea to the jurisdiction were properly before the trial court. "[A] court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so

when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). The jurisdictional issue was presented to the trial court on the pleadings, which included a certified copy of Resolution No. 00–46, of the Harris County–Houston Sports Authority. The hearing was conducted without the usual formality. No testimony was taken at the hearing, and the resolution was not marked as an exhibit and formally offered into evidence. Nonetheless, both parties directed the court's attention to the resolution and its attachments, and the trial court obviously took judicial notice of it and reviewed it before ruling. *See* TEX.R. EVID. 204. No objection was made to this somewhat unconventional procedure, and it is apparent from the context that the trial court treated the resolution and its attachments as evidence. *See* TEX.R. EVID. 103. So shall we.

■ The contestant must file the petition not later than the 30th day after the date the official result of the contested election is determined. TEX. ELEC.CODE ANN. § 233.006 (Vernon Supp.2002). The 30 day filing limit for the election contest is jurisdictional and non-waivable. *Jordan v. Norman,* 711 S.W.2d 358, 359 (Tex.App.-Beaumont 1986, no writ). The results of the November 7, 2000, referendum were canvassed and officially certified by the Sports Authority on November 13, 2000. On that day, the Sports Authority passed Resolution No. 00–46, which reported the results of the election. Burge argues, both at the hearing on the plea to the jurisdiction and on appeal, that Leonard's petition, having been filed 31 days after the date the resolution passed, was filed too late to

confer jurisdiction on the district court to hear the contest.

In his argument for his fourth issue, Leonard contends that the canvassing authority was not the Sports Authority but the three individual counties in which the Harris County–Houston Sports Authority operates. For an election ordered by an authority of a political subdivision other than a county, the precinct election returns for each election shall be canvassed by the political subdivision's governing body. TEX. ELEC.CODE ANN. § 67.002 (Vernon 1986). According to Leonard's pleadings, the referendum in question was called by the Sports Authority; therefore, the canvassing authority was its Board of Directors.[1]

The Sports Authority covers territory in Harris, Montgomery, and Fort Bend counties. One of the exhibits attached to Resolution 00–46 is a certificate of the election returns, signed by the elections administrator for Fort Bend County. Leonard's jurisdictional arguments rely on the date on the Fort Bend County certificate: November 14, 2000. In his brief for his first issue, Leonard argues that the last day for filing the contest must be calculated not from the date that the Authority reported the results of the election, but from the date that the third county certified the tabulation of the returned ballots. Since the Fort Bend County returns were not available until November 14 (the date on the certificate), Leonard argues, the canvass could not have been completed before that date. In his argument for his fifth point of error, Leonard posits that a review of the resolution as a whole demonstrates that the Sports Authority's board of directors was still canvassing on November 14.

---

1. If, as he now argues, the canvassing authorities were Harris, Montgomery, and Fort Bend Counties, it would appear that Leonard

sued the wrong party. *See* TEX. ELEC.CODE ANN. § 233.003 (Vernon 1986).

The political subdivision that called the election was the Sports Authority. In a resolution passed on November 13, its board officially declared that it had conducted the canvass and reported the results of the election. Whether it acted after scrutinizing a certified copy of the Fort Bend County returns or not, the Board completed its canvass of the election no later than November 13, the date the Board certified the election results.

Under his second issue, Leonard argues that a mere declaration that the election results are final cannot be considered evidence that the canvassing was done. Under his third issue, Leonard argues that the Sports Authority's canvassing was dependent upon the November 14 Fort Bend County certification, and therefore it must be assumed that the canvassing was not completed before November 14, absent evidence that the Sports Authority independently certified the vote. These arguments address the integrity of the canvass conducted by the Board, not when it occurred. The Board registered the official result of the election more than thirty days before Leonard filed his petition.

We hold that the trial court did not err in granting the appellee's plea to the jurisdiction. Points of error one through five are overruled. The judgment of the trial court is affirmed.

AFFIRMED.