Steve NICHOLS and Daniel
Ryan, Appellants,

v.

Kathleen A. SEEI, Appellee.

No. 05–02–01167–CV.

Court of Appeals of Texas,
Dallas.

Feb. 5, 2003.

William E Trantham, Law Office of William Trantham, Denton, for appellants.

Julie Yvonne Fort, McKinney, for appellee.

Before Justices MORRIS, JAMES, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This appeal arises out of the dismissal of an election contest. The trial court granted appellee's plea to the jurisdiction because appellants failed to comply with one of the requirements set forth in section 233.006 of the Texas Election Code. Specif-

ically, the trial court dismissed the contest because appellants did not deliver a copy of their petition to the secretary of state within 30 days after the date the official result of the contested election was determined. We must decide, therefore, whether the election code's requirement to give notice to the secretary of state is jurisdictional. After examining the statute and the relevant case law, we conclude the notification requirement is non-jurisdictional in nature. Accordingly, we reverse the trial court's judgment dismissing the case and remand the cause for further proceedings.

## I.

On February 2, 2002, the city of Frisco, Texas held an election on two propositions. The election results became official on February 5, 2002. Steve Nichols and Daniel Ryan filed a contest to the election on February 22, naming Kathleen Seei, the mayor of Frisco, as the contestee. The record shows that a copy of their petition was received by the Texas Secretary of State on April 17.

In response to the petition, Seei filed a plea to the jurisdiction arguing that Nichols and Ryan failed to have their petition delivered to the secretary of state within thirty days after the official results of the election were determined as required by section 233.006(c) of the Texas Election Code. Seei argued that section 233.006(c) is a jurisdictional prerequisite to an election contest and, absent compliance, the trial court lacked subject matter jurisdiction. The trial court agreed and dismissed the case. This appeal ensued.

## II.

Election contests are creatures of statute, and the power of a trial court to consider such contests exists only to the extent authorized by statute. *See State v. City of Azle,* 588 S.W.2d 666, 670 (Tex.Civ. App.-Fort Worth 1979, writ ref'd n.r.e.). The filing of a petition contesting an election on a measure is governed by section 233.006 of the Texas Election Code. Section 233.006 states:

> (a) The contestant may not file the petition in the contest earlier than the day after election day.
>
> (b) Except as provided by Section 233.014, the contestant must file the petition not later than the 30th day after the date the official result of the contested election is determined.[1]
>
> (c) The contestant must deliver a copy of the petition to the secretary of state by the same deadline prescribed for the filing of the petition.

TEX. ELEC.CODE ANN. § 233.006 (Vernon Supp.2003). The thirty-day deadline by which the petition must be filed under subsection (b) has been held to be jurisdictional and non-waivable. *See Leonard v. Burge,* 74 S.W.3d 135, 137 (Tex.App.-Beaumont 2002, pet. denied). Seei argues subsection (c) is jurisdictional as well. We disagree.

In making her argument, Seei relies heavily on cases interpreting the provisions of the former election code that were the predecessors to section 233.006 and section 232.008.[2] Under the old election code, any person intending to contest an election was required to serve written notice on the contestee within thirty days after the official election results were de-

---

1. Section 233.014 of the election code concerns special procedures for the contest of a constitutional amendment election and is not at issue in this case.

2. Section 232.008 is the correlative statute to 233.006 and governs filing deadlines for petitions contesting elections to office. *See* TEX. ELEC.CODE ANN. § 232.008.

clared. *See* Act of June 28, 1951, 52nd Leg., R.S., ch. 492, 1951 Tex. Gen. Laws 1153, 1158 (amended 1985) (current version at TEX. ELEC.CODE ANN. §§ 232.008(b), 233.006(b) (Vernon Supp.2003)). The written notice had to state the grounds upon which the contest was based. *Id.* The contestee then had ten days to deliver a written reply to the contestant. *Id.* The notice and reply were then filed with the district clerk and docketed as a cause. *Id.*

The "notice" provisions in the former election code were equivalent to the filing and service of a petition and therefore, as in a civil suit, such actions were necessary to confer jurisdiction over the case and the parties. *See id.* at 281. These provisions were the predecessors of current sections 233.006(b) and 232.008(b).[3] As with the current versions, the notice and service provisions of the previous statutes were consistently held to be jurisdictional and non-waivable. *See e.g., Mitchell v. Carroll Indep. Sch. Dist.,* 435 S.W.2d 280, 282 (Tex.Civ.App.-Fort Worth 1968, writ dism'd). The notice provision at issue here is entirely different.

■ The requirement that the secretary of state, a non-party to the contest, receive a copy of the petition is merely to inform the state of election contests for informational purposes. *See Honts v. Shaw,* 975 S.W.2d 816, 820 (Tex.App.-Austin 1998, no pet.). The provision involves neither a filing deadline nor notice to a party. There is nothing about the provision or its purpose that suggests it should operate as a jurisdictional prerequisite. *See Hines v. Hash,* 843 S.W.2d 464, 468 (Tex.1992) (where notice provision does not specify consequences, court must look to purpose for guidance).

Seei contends that because the legislature placed the notice requirement in the same section as a jurisdictional requirement, it must have intended the notice requirement to be jurisdictional as well. First, we note that subsection (c) was not added to section 233.006 until twelve years after the new election code was enacted. *See* TEX. ELEC.CODE ANN. § 233.006 (Vernon Supp.2003). Accordingly, district courts had jurisdiction over election contests under the new code without notice to the secretary of state for more than a decade before the legislature enacted subsection (c).

■ Second, subsection (c) need not be held jurisdictional to harmonize it with the rest of the section. *See American Sur. Co. v. Axtell Co.,* 120 Tex. 166, 36 S.W.2d 715, 718 (Tex.1931). Subsection (c) sets the period within which the secretary of state must be notified of an election contest to be commensurate with the period within which the contest petition must be filed. It is prudent, therefore, for the two provisions to be located in proximity to each other. The fact that the filing deadline is jurisdictional and the notification provision is not does not render the two provisions in conflict. Each provision serves a fundamentally different purpose. We cannot conclude based on placement alone that the legislature considered the notification of a non-party of such importance that the absence of such notification would deprive the trial court of jurisdiction over the contest.

■ Finally, although the language of subsection (c) requiring that notice be given to the secretary of state is mandatory, this does not mean that a contest must be dismissed for failure to comply. The purpose of the statute can be accomplished by

---

**3.** Sections 232.010 and 233.007 address the ten day filing period for the contestee's answer. TEX. ELEC.CODE ANN. § 232.010 & 233.007 (Vernon 1986)

other means, such as abatement. *See, e.g., Hines*, 843 S.W.2d at 469 (failure of plaintiff to give mandatory 30 day notice of DTPA claim to defendant best cured by abatement).

For the foregoing reasons, we conclude the trial court erred in granting Seei's plea to the jurisdiction and dismissing the case. We reverse the trial court's judgment and remand the cause for further proceedings.