In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00214-CV
_____

CHARLES G. RAWLS, Appellant

V.

WOODVILLE ISD, LISA MEYSEMBOURG, AND DONECE GREGORY,
Appellees

On Appeal from the 88th District Court
Tyler County, Texas
Trial Cause No. 26012

MEMORANDUM OPINION

In this accelerated appeal, appellant Charles G. Rawls complains the trial court erred by granting Appellees' Pleas to the Jurisdiction. According to Rawls, there is sufficient evidence establishing that appellees Woodville ISD ("WISD") and Lisa Meysembourg, in her official capacity as Superintendent of WISD, and Appellee Donece Gregory, in her official capacity as County Clerk of Tyler County,

Texas, were proper parties to sue in this election contest and are not protected by sovereign immunity. We affirm the trial court's judgments.

## BACKGROUND

Rawls filed Plaintiff's/Contestant's Original Election Contest against WISD, Meysembourg, in her official capacity as Superintendent, and Gregory, in her official capacity as County Clerk of Tyler, County, concerning WISD's $47.85 million school bonds for 2022 ("the Proposition") on the May 7, 2022 election ballot. *See* Tex. Elec. Code Ann. §§ 233.001-.014. Rawls alleged he was a qualified voter who owns property within WISD's boundaries in Tyler County. The voters passed the Proposition by twenty-nine votes, which included, among other things, constructing a new elementary school, adding to the Career and Technical Education Center at WISD High School, and levying a tax in payment thereof. Rawls alleged that several voters claimed they were given incorrect ballots, and after obtaining a list of the voters who approved the Proposition and maps from the Tyler County Appraisal District defining WISD's boundaries, he identified at least thirty questionable votes and sixty to eighty votes on private roads not shown on the maps.

According to Rawls, WISD, Meysembourg, and Gregory oversaw and administered the early voting, the May 7, 2022 election, and the May 16, 2022 ballot canvass. Rawls alleged that while acting as County Clerk, Gregory intentionally, recklessly, or negligently made inaccurate or false statements regarding the length of time and manner to contest the election. Rawls sought a declaration from the trial

2

court stating that the administration, conduct, and manner of the early voting and election day voting for the Proposition was illegal and invalid as a matter of law.

WISD and Meysembourg, in her official capacity as Superintendent, filed a Plea to the Jurisdiction, Special Exceptions, and Original Answer, explaining that WISD is an independent school district governed by a seven-member Board of Trustees, as well as a local government entity and a political subdivision of the State of Texas. *See* Tex. Const. art. VIII; Tex. Educ. Code Ann. § 11.051. WISD and Meysembourg explained that Meysembourg is not a member of WISD's Board of Trustees and has no authority to conduct elections, issue bonds, or adopt a tax rate. *See* Tex. Educ. Code Ann. §§ 11.151, 11.152, 11.201. WISD and Meysembourg argued the trial court lacked subject matter jurisdiction because Rawls sued the wrong parties and should have sued the presiding officer of the Board of Trustees who canvassed the election. According to WISD and Meysembourg, Texas Election Code section 233.003 requires that a suit challenging an election concerning a ballot measure be filed against the presiding officer of the final canvassing authority for the contested election, and neither WISD nor Mysembourg have final canvassing authority. *See* Tex. Elec. Code Ann. § 233.003.

WISD and Meysembourg argued that only the Board of Trustees has the power and duty to conduct elections on behalf of WISD. *See* Tex. Educ. Code Ann. §§ 11.1511(b)(12), 45.003. WISD and Meysembourg explained that WISD's Board of Trustees approved a Resolution Canvassing the Returns and Declaring the Results

3

of a Bond Election, and the Order Canvassing the Returns was executed by the Board President and attested by the Board Secretary. WISD and Meysembourg argued that Rawls's failure to serve the Board President is a jurisdictional bar to this election contest, and that Rawls could not cure the jurisdictional defect because the time for filing an election contest against the proper party has passed. *See* Tex. Elec. Code Ann. § 233.006(b). WISD and Meysembourg also argued that Gregory, acting in her capacity as an election official for the County, has no power or authority to canvass school bond elections.

WISD and Meysembourg further argued that they are immune from suit. As a government employee acting within the scope of her employment as Superintendent, Meysembourg is immune from a suit challenging an election result. *See Kilgore Indep. Sch. Dist. v. Axberg*, 535 S.W.3d 21, 29 (Tex. App.—Texarkana 2017, no pet.). WISD and Meysembourg argue that WISD is a Texas public school district and state agency that is immune from suit and that its sovereign immunity from suit is not waived under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051. According to WISD and Meysembourg, they should be dismissed from Rawls's suit because they are entitled to governmental and qualified immunity, respectively. *See Bielamowicz v. Cedar Hill Indep. Sch. Dist.*, 136 S.W.3d 718, 722 (Tex. App.—Dallas 2004, pet. denied).

Attached to WISD's and Meysembourg's Plea to the Jurisdiction is the Resolution Canvassing the Returns and Declaring the Results of a Bond Election,

4

which states "the Board hereby canvasses the returns of this election[]" and "has duly canvassed such return," and "finds and determines that Proposition A passed the election[.]" A Resolution Canvassing the Returns and Declaring the Results of a Bond Election was passed, adopted, and approved by the President of the Board of Trustees of WISD, and attested by the Secretary of the Board of Trustees.

Gregory, in her official capacity as County Clerk of Tyler County, filed a Plea to the Jurisdiction and Alternative Answer, Affirmative Defenses, and Special Exceptions. In her Plea to the Jurisdiction, Gregory argued that Chapter 233 of the Texas Election Code provides that qualified voters of a territory covered by an election may contest the election only by suing the presiding officer of the authority that ordered the contested election within thirty days after the date the election records are publicly available, or the official result of the contested election is determined. *See* Tex. Elec. Code Ann. §§ 233.002, 233.003(a)(1), 233.006(b). Gregory explained the Tyler County Commissioner's Court approved an agreement with WISD permitting the use of its staff, facilities, and equipment to facilitate WISD elections. According to Gregory, although that agreement allowed her to assist the Board of Trustees in conducting elections, it was WISD's duty to canvass the election results, and neither she nor Tyler County has canvassing authority for WISD's elections.

Gregory argued that Jimmy Tucker, the President of WISD's Board of Trustees, was the presiding officer of the authority that ordered the contested

election, and WISD's Board of Trustees canvassed the election results. *See id.* § 233.003(a)(1). Gregory argued that neither she nor the County are proper parties to Rawls's election contest, and that Rawls failed to name Tucker as the proper party in his lawsuit and failed to deliver a copy of his petition contesting the election to the Secretary of State, as the Election Code requires. *See id.* §§ 233.003(a)(1), 233.006(c). According to Gregory, the trial court should dismiss Rawls's action against her in her official capacity with prejudice because he failed to allege facts affirmatively establishing the trial court could exercise subject matter jurisdiction over the lawsuit filed by Rawls.

Attached to her Plea to the Jurisdiction, is the Joint Election Agreement Between the Woodville Independent School District and The County of Tyler, Texas, and the Contract for Election Services WISD and Gregory in her capacity as County Clerk, which both state that WISD is responsible for canvassing the election results. Gregory also attached, among other documents, her affidavit; in it, Gregory averred it is WISD's duty to canvass the election results, WISD's Board of Trustees canvassed the election results for the bond election, and neither she nor Tyler County have canvassing authority for the election.

In his response, Rawls also argued he satisfied section 233.003 of the Election Code by suing WISD, which includes WISD's Board of Trustees and each of its members. *See id.* § 233.003(a)(1); *see also* Tex. Educ. Code Ann. § 11.151(a). According to Rawls, section 233.033 allowed him to name either the presiding

6

officer of the final canvassing authority for the contested election or the presiding officer of the authority that ordered the election. Rawls argued that Meysembourg is the presiding officer of the authority that ordered the election, and in her capacity as Superintendent, she signed the Order calling for the election, subsequently held by WISD. Rawls argued the trial court should deny WISD's and Meysembourg's Plea to the Jurisdiction.

In addition to those arguments, Rawls added in responding to Gregory's Plea to the Jurisdiction that Gregory is not protected by sovereign immunity because she acted without legal authority or because she failed to perform a ministerial act by making inaccurate and false statements regarding the contested election. Rawls argued he satisfied Election Code section 233.003 by suing WISD and Meysembourg. And Rawls claimed that Gregory was a proper party to the litigation because she contracted with WISD in her official capacity to provide election services regarding the election, and he claimed Gregory was complicit with and a part of the election irregularities and the negligent way in which it was conducted. Rawls asked the trial court to deny Gregory's Plea to the Jurisdiction.

Gregory filed a Reply to Plaintiff's Response to her Plea to the Jurisdiction and addressed Rawls's allegation that she acted outside the bounds of her official authority by intentionally, knowingly, or negligently making inaccurate statements about the contested election. Gregory argued the Texas Tort Claims Act does not waive immunity for intentional torts of a governmental employee, and she asserted

that Texas courts have rejected attempts to overcome a jurisdictional bar based on sovereign immunity based on an ultra vires exception when the plaintiff alleges the defendant made a tortious misrepresentation. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057; *Hunnicutt v. City of Webster*, 641 S.W.3d 584, 594–95 (Tex. App.—Houston [14th Dist.] 2022, no pet.). Gregory argued the trial court should grant her Plea to the Jurisdiction because Rawls failed to allege facts affirmatively establishing the trial court has subject matter jurisdiction over the claims he asserted against her in his suit. Gregory also argued that she is not a proper party to the suit.

WISD and Meysembourg also filed a Reply to Plaintiff's Response in Opposition to Defendants' Plea to the Jurisdiction and Special Exceptions. WISD and Meysembourg argued that WISD's Board of Trustees, not Meysembourg, called for the special election. WISD and Meysembourg further argued the presiding officer of WISD's governing body and entity that has canvassing authority is the Board of Trustees, not the superintendent of the Board. According to WISD and Meysembourg, since Rawls failed to comply with Election Code section 233.003, the trial court could not exercise jurisdiction over the contested election. *See* Tex. Elec. Code Ann. § 233.003(a)(1).

The trial court granted Gregory's, WISD's, and Meysembourg's respective Pleas to the Jurisdiction, and then dismissed the claims that Rawls filed against Gregory, WISD, and Meysembourg with prejudice.

## ANALYSIS

In his sole issue on appeal, Rawls complains the trial court erred by granting WISD's, Meysembourg's, and Gregory's Pleas to the Jurisdiction. According to Rawls, the evidence was sufficient to establish that they were proper parties to sue in this election contest and not protected by sovereign immunity.

## WISD'S AND MEYSEMBOURG'S PLEA TO THE JURISDICTION

Rawls argues that by suing WISD he also sued its governing body and each of WISD's Board of Trustees. *See* Tex. Educ. Code Ann. § 11.151(a). Rawls argues that WISD is the authority that called for the election, as indicated by the January 3, 2022 Order. Rawls argues that Meysembourg, as Superintendent and the chief executive officer of WISD, was the presiding authority of WISD, the person who ordered the contested election, and the person who signed the January Order calling for the election on behalf of WISD. *See id*. § 11.201(a)(1); Tex. Elec. Code Ann. § 233.003(a)(2). According to Rawls, Meysembourg is also the presiding officer of the final canvassing authority for the contested election. *See* Tex. Elec. Code Ann. § 233.003(a)(1).

WISD and Meysembourg argue that the trial court never acquired jurisdiction of Rawls's election contest because he failed to comply with section 233.003 of the Election Code and name the President of the Board of Trustees as the proper contestee. According to WISD and Meysembourg, the law is clear that the presiding

officer is the President of WISD's Board of Trustees, which is the governing body of the school district, and a school bond election may only be ordered by action of a school board's board of trustees. *See id.* § 3.004(b); Tex. Educ. Code Ann. § 11.061(c). WISD and Meysembourg argue that the authority to call an election to issue school building bonds rests solely with the elected board of trustees. *See* Tex. Educ. Code Ann. §§ 11.1511(b)(12), 45.003. WISD and Meysembourg further argue that the evidence shows the Board of Trustees authorized the bond election, and it is immaterial that Meysembourg signed the order authorizing the election. According to WISD and Meysembourg, a suit against WISD is not a suit against the Board of Trustees' presiding officer, and Rawls's failure to name the presiding officer deprives the trial court of jurisdiction over Rawls's suit.

GREGORY'S PLEA TO THE JURISDICTION

Rawls argues that Gregory, in her official capacity, is a responsible party to this election contest because she was complicit in the alleged election irregularities and the negligent manner in which the election was conducted. According to Rawls, Gregory made inaccurate and false statements about the election contest that are ultra vires acts, which Rawls argues defeat Gregory's claim that the trial court does not have jurisdiction over the claims he filed against her in the suit. Rawls argues that Gregory is a party of interest in the election contest because WISD contracted with Gregory for election services. Rawls further argues that his failure to deliver a copy

10

of his original election contest to the Texas Secretary of State does not deprive the trial court of jurisdiction.

Gregory maintains that according to the plain language of Election Code section 233.003, neither she nor Tyler County are proper parties to the suit Rawls filed to contest the election because they did not order or canvass the contested election, and she asserts that Rawls's claims are barred by official and sovereign immunity. *See* Tex. Elec. Code Ann. § 233.003(a). Gregory also argues that Rawls cannot overcome immunity by alleging that she made tortious misrepresentations. *See Hunnicutt*, 641 S.W.3d at 595.

## STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We do not examine the merits of the plaintiff's case, but only consider the pleadings and evidence pertinent to the jurisdictional inquiry. *Blue*, 34 S.W.3d at 554. In reviewing a trial court's jurisdictional ruling, we liberally construe the pleadings in the plaintiff's favor, look to the pleader's intent, and accept factual allegations as true. *Miranda*, 133 S.W.3d at 226. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228.

An independent school district is a political subdivision and an agency of the state. Tex. Elec. Code Ann. § 1.005(13); *Barr v. Bernhard*, 562 S.W.2d 844, 846 (Tex. 1978). School districts are governed by a board of trustees, and it is the board of trustees that has the exclusive power and duty to govern and oversee the management of the public schools for the district. Tex. Educ. Code Ann. § 11.151(b); *San Antonio Indep. Sch. Dist. v. McKinney*, 936 S.W.2d 279, 282 (Tex. 1996). The board of trustees elects a president, who must be a member of the board, to serve as the presiding officer. Tex. Educ. Code Ann. § 11.061(c)(1); *see Geffert v. Yorktown Indep. Sch. Dist.*, 290 S.W. 1083, 1085 (Tex. Comm'n App. 1927). The board of trustees may employ by contract a superintendent, who is the educational leader and chief executive officer of the school district. *See* Tex. Educ. Code Ann. § 11.201(a), (b). The Texas Education Code provides that the trustees of an independent school district constitute a body corporate that may sue or be sued. *See id.* § 11.151(a). As the governing board of an independent school district, a board of trustees may issue bonds and order an election, and a bond election must be called by resolution or order of the governing board. *See id.* §§ 45.001(a)(1), 45.003; Tex. Elec. Code Ann. § 3.004(b). Except as otherwise provided by law, the precinct election returns for an election ordered by an authority of a political subdivision, other than a county, shall be canvassed by the political subdivision's governing body. Tex. Elec. Code Ann. § 67.002(a)(2).

"An election contest is a special proceeding created by the Legislature to provide a remedy for elections tainted by fraud, illegality, or other irregularity." *Blum v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999) (citing *De Shazo v. Webb*, 113 S.W.2d 519, 524 (Tex. 1938)). Election contests are creatures of statute, and "the power of a trial court to consider such contests exists on to the extent authorized by statute." *Nichols v. Seei*, 97 S.W.3d 882, 883 (Tex. App.—Dallas 2003, no pet.) (citation omitted). The Texas Election Code vests the district court with exclusive jurisdiction over an election contest. *See* Tex. Elec. Code Ann. § 221.002(a). Section 233.003 of the Texas Election Code provides in relevant part that the contestee must be at least one of the following: (1) the presiding officer of the final canvassing authority for the contested election; (2) the presiding officer of the authority that ordered the contested election or the ordering authority, if ordered by an individual; or (3) if the person specified by subdivision (1) or (2) is incapacitated or cannot act for any other reason, another member of the specified authority. *Id.* § 233.003(a). Strict compliance with the requirements of section 233.003 is necessary to invoke the trial court's jurisdiction. *Mendez v. City of Amarillo*, No. 07-07-0207-CV, 2008 WL 2582987, at *2 (Tex. App.—Amarillo June 30, 2008, no pet.) (mem. op.) (citing *Mercer v. Woods*, 78 S.W. 15, 17 (1903)).

The evidence attached to the appellees' pleas to the jurisdiction shows that WISD's Board of Trustees ordered the bond election. *See* Tex. Educ. Code Ann. § 45.003; Tex. Elec. Code Ann. § 3.004(b). The evidence also shows that WISD's

Board of Trustees is the canvassing authority for the bond election. *See* Tex. Elec. Code Ann. § 67.002(a)(2). Because Rawls's suit named WISD, Meysembourg, and Gregory as contestees instead of the presiding officer of the authority that ordered the contested election or the presiding officer of the final canvassing authority for the contested election (namely in both of the above circumstances the President of WISD's Board of Trustees), the evidence demonstrates that Rawls failed to comply with the statutory prerequisite to filing an election contest suit. *See id.* § 233.003(a); *see also Mendez*, 2008 WL 2582987, at \*2. Since Rawls did not file suit against a contestee, as required by section 233.003, we conclude the trial court did not err by granting WISD's, Meysembourg's, and Gregory's Pleas to the Jurisdiction. We overrule Rawls's sole issue on appeal and affirm the trial court's judgments.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 11, 2022
Opinion Delivered August 31, 2022

Before Golemon, C.J., Horton and Johnson, JJ.

14