**AFFIRMED and Opinion Filed August 26, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00938-CV**

_____

**LAMAR "YAKA" JEFFERSON AND
JRMAR "JJ" JEFFERSON, Appellants
V.
ADAM BAZALDUA AND ERIC JOHNSON, Appellees**

**On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-23-07425**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Reichek

In this appeal of two election contests brought by brothers Lamar Jefferson and Jrmar Jefferson, we consider whether the trial court erred in granting the prevailing candidates' pleas to the jurisdiction. Because the Jeffersons were not on the ballot, we conclude they lacked standing to bring an election contest and affirm the trial court's order.

## Background

In a municipal election held in Dallas on May 6, 2023, Adam Bazaldua was elected to the Dallas City Council for District 7 ("District 7") and Eric Johnson was

elected Dallas Mayor. On June 5, 2023, Lamar Jefferson ("Lamar") and Jrmar Jefferson ("Jrmar") filed a pro se joint original petition, which they amended four days later, contesting these election results.[1] They alleged Lamar was a candidate for District 7 and Jrmar was a candidate for mayor. The Jeffersons asserted the election results were inaccurate because election officials counted illegal votes, prevented eligible voters from voting, failed to count legal votes, engaged in other fraud or illegal conduct, or made a mistake.

As the Jeffersons acknowledged in their petition, neither Lamar nor Jrmar appeared on the ballot for the May 6 election. They were both disqualified, Jrmar for not submitting the required number of valid signatures and Lamar for failing to meet voter registration requirements. A City of Dallas webpage titled, "Candidates for the May 6, 2023 General Election," indicates they both filed for a place on the May 6, 2023 ballot, but were not qualified. *See* [electCandidates_May2023 (dallascityhall.com)](dallascityhall.com) (last visited August 21, 2024) ("Candidates for the May 6, 2023 General Election"). The Jeffersons' petition includes arguments about why they should have been on the ballot.

Bazaldua filed a combined answer, plea to the jurisdiction, and motion to dismiss. By his plea, he asserted that Lamar lacked standing to bring an election contest because Lamar was not a candidate for District 7. Bazaldua argued that only

---

[1] The petition named other plaintiffs who contested the results of various city council races and named other defendants, but those parties are not part of this appeal.

candidates can bring an election contest. Similarly, Johnson filed a plea to the jurisdiction in which he asserted Jrmar lacked standing to contest the mayoral election because he was not a candidate.

On September 12, 2023, Judge Charles Stokes, sitting by assignment, granted Bazaldua's plea to the jurisdiction and dismissed Lamar's claims with prejudice. On September 28, 2023, Judge Stokes granted Johnson's plea to the jurisdiction and dismissed "the case" with prejudice.

The Jeffersons filed a joint notice of appeal from the trial court's order granting Bazaldua's plea to the jurisdiction. Jrmar also filed a notice of appeal from the order granting Johnson's plea. We consolidated the two appeals because the interlocutory order granting Bazaldua's plea merged into the final order granting Johnson's plea and dismissing the case.

The Jeffersons, who are also pro se on appeal, have each filed an appellate brief. Many of their issues and arguments are the same. As we interpret their briefs, their issues can be divided into the following main categories: (1) arguments that they have standing to contest the elections because they were candidates; (2) arguments challenging the fact that they were left off the ballot for the May 6, 2023 election; (3) arguments about the merits of their election contest cases; and (4) arguments about the trial court's failure to make findings of fact and conclusions of law.

–3–

**Election Contest**

The Jeffersons first argue the trial court should not have granted the contestees' pleas to the jurisdiction because the Jeffersons have standing to contest the election. We disagree.

Standing is a component of subject-matter jurisdiction. *Farmers Tex. Cty. Mut. Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020). We review the pleas to the jurisdiction de novo. *Id.* In applying a de novo standard of review to a standing determination, we construe the pleadings in the plaintiffs' favor, but we also consider relevant evidence offered by the parties. *Id.*

Election contests are creatures of statute, and the power of a trial court to consider such contests exists only to the extent authorized by statute. *Nichols v. Seei*, 97 S.W.3d 882, 883 (Tex. App.—Dallas 2003, no pet.). Title 14 of the Texas Election Code governs election contests. Any candidate in an election may contest the election. TEX. ELEC. CODE ANN. § 232.002. The purpose of an election contest is to determine whether the outcome of an election is correct. *Rodriguez v. Rangel*, 679 S.W.3d 890, 903 (Tex. App.—San Antonio 2023, pet. denied). A trial court hearing the contest shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because illegal votes were counted, or the election officer or other official prevented eligible voters from voting, failed to count legal votes, or engaged in other fraud or illegal conduct or made a mistake. TEX. ELEC. CODE ANN. § 221.003(a). If a contestant meets his

burden of proof and the trial court can ascertain the true outcome of the election, it shall declare the outcome; however if the court cannot ascertain the true outcome, it must declare the election void. *Id.* § 221.012. With limited exceptions, the candidates in a new election ordered by a court in an election contest are the same candidates who were in the contested election. *Id.* § 232.042.

Title 14, which authorizes "any candidate in an election" to bring an election contest, does not define "candidate." If a term in a statute is not defined, we interpret the term according to its ordinary meaning. *Broadway Nat'l Bank v. Yates Energy Corp.*, 631 S.W.3d 16, 24 (Tex. 2021). We further consider statutes as a whole, rather than their isolated provisions. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). We presume the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen. *Id.* We will not give an undefined term a meaning that is out of harmony or inconsistent with the other terms in the statute. *State v. $1,760.00 in U.S. Currency*, 406 S.W.3d 177, 180 (Tex. 2013). If a different, more limited, or precise definition is apparent from the term's use in the context of the statute, we apply that meaning. *Id.* Therefore, when an undefined term has multiple common meanings, the definition most consistent within the context of the statute's scheme applies. *Id.* at 180–81.

The Jeffersons contend the definition of "candidate" found in Title 15 of the election code applies. Title 15 pertains to "Regulating Political Funds and

Campaigns," and requires candidates to report political contributions and expenditures. TEX. ELEC. CODE ANN. § 254.061. It broadly defines "candidate" as "a person who knowingly and willingly takes affirmative action for the purpose of gaining nomination or election to public office." *Id.* § 251.001(1). The election code uses a similar definition of candidate in several places in Title 3, which governs election officers and observers. *See id.* §§ 31.035(c), 32.053(c), 32.054(c), 32.055(b), 33.032(b) ("candidate" is "a person who has taken affirmative action, as described by the law regulating political funds and campaigns, for the purpose of gaining nomination or election.").

The Jeffersons would have us read into § 232.002 words that are not there. Title 14 and Title 15 serve different purposes. If the legislature had intended for the broad definition of candidate found in Title 15 of the election code to apply to election contests, it would have included that definition in Title 14. Because it did not, we presume the Legislature intended a different, more limited, definition of candidate to apply in an election contest. Defining "candidate" to mean a person whose name appears on the ballot for an office on Election Day is consistent with the purpose of an election contest, which contemplates a new election with the same candidates if it is shown that the outcome as shown by the final canvass was not the true outcome of the election. It would be illogical in this context to permit a person who was not on the ballot to overturn an election. Because they were disqualified and did not appear on the ballot, the Jeffersons were not candidates for purposes of

Title 14 of the election code. They therefore lacked standing to bring an election contest.

The Jeffersons also argue the merits of their election contest. They assert the election process suffered from fraud, irregularities, and administrative errors. Because they lacked standing to contest the election results, these issues were not before the trial court or us on appeal.

**Disqualification**

The Jeffersons also argue that they should not have been left off the ballot for the election. To the extent this issue was raised by their amended petition, it is moot, as we previously held when we dismissed an original proceeding they filed after the election, asking that their names be placed on the ballot. *See In re Jefferson*, No. 05-23-00473-CV, 2023 WL 3881077, at *1 (Tex. App.—Dallas June 8, 2023, orig. proceeding) (mem. op.). It is well established that issues regarding the validity of a person's application to appear on the ballot become moot once an election commences. *In re Crenshaw*, No. 05-17-00330-CV, 2017 WL 1292013, at *1 (Tex. App.—Dallas Apr. 7, 2017, no pet.) (mem. op.). A court lacks subject matter jurisdiction to decide a moot controversy. *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). The trial court did not err in dismissing any claims related to the Jeffersons' omission from the ballot.

**Findings of Fact and Conclusions of Law**

In addition, the Jeffersons argue the trial court erred in failing to make findings of fact and conclusions of law after they timely requested them and filed a notice of past due findings and conclusions. They contend they are entitled to an automatic reversal.

Under rule of civil procedure 296, in any case tried in district or county court without a jury, a party may request the court to state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. A trial court has no duty to file findings of fact and conclusions of law when a case, like this one, has been dismissed for lack of subject matter jurisdiction and no evidentiary hearing has been held. *Hall v. City of Bryan*, No. 10-10-00403-CV, 2011 WL 4712243, at *1 (Tex. App.—Waco Oct. 5, 2011, pet. denied) (mem. op.); *see IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *Primestar Constr, Inc. v. City of Dallas*, No. 05-17-01447-CV, 2019 WL 1033978, at *5 (Tex. App.—Dallas March 5, 2019, pet. denied) (mem. op.). Here, where it was undisputed the Jeffersons were not on the ballot for the May 6 election and the issues before the trial court were purely legal, the trial court did not err in failing to make findings of fact and conclusions of law. Even if it did, the Jeffersons do not explain how they have been harmed. They have not had to guess the reason the trial court ruled against them and have been able to present their argument that they had standing to contest the election results. *See Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied).

## Miscellaneous Issues

The Jeffersons make additional arguments that are inadequately briefed. We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel. *Id.* at 212. When a party fails to adequately brief a complaint, he waives the issue on appeal. *Id.*

The Jeffersons suggest the trial judge's stated familiarity with the Texas Election Code somehow called into question his impartiality. Second, Jrmar contends that counsel for Mayor Johnson violated disciplinary rules in presenting arguments. They have not supported these contentions with appropriate citations to the record or legal authority. *See* TEX. R. APP. P. 38.1(i). As a result, they have waived these issues.

## Pending Motions

There are two motions pending in this appeal. Shortly before submission, the Jeffersons filed a motion asking us to take judicial notice of the election page on the City's website, various provisions of the election code, case law, and portions of the record in this case. The Jeffersons also filed a motion requesting a written opinion.

Because we have issued a written opinion and considered the relevant facts and law, by this opinion, and by separate order, we deny these motions as moot.

We affirm the trial court's order dismissing the case with prejudice.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

230938F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAMAR "YAKA" JEFFERSON
AND JRMAR "JJ" JEFFERSON,
Appellants

No. 05-23-00938-CV     V.

ADAM BAZALDUA AND ERIC
JOHNSON, Appellees

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-23-07425.
Opinion delivered by Justice
Reichek. Justices Goldstein and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ADAM BAZALDUA AND ERIC JOHNSON recover their costs of this appeal from appellants LAMAR "YAKA" JEFFERSON AND JRMAR "JJ" JEFFERSON.

Judgment entered this 26th day of August 2024.