**HORINE v. KELLAM et al.**

No. 10579.

Court of Civil Appeals of Texas.

San Antonio.

- Dec. 14, 1938.

· Rehearing Denied Jan. 11, 1939.

· J. M. Wilson and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellant.

Butler & Grimes, of Robstown, for appellee.

MURRAY, Justice.

This is an election contest instituted to contest an election held in the City of Robstown on the 28th day of January, 1938, submitting to the voters the question of whether or not the City should issue revenue bonds in the sum of $275,000 for the purpose of acquiring a lighting and power system for producing and distributing electric energy. The declared result of the election was favorable to the issuing of the bonds.

The contest was filed by J. E. Hightower, who alleged that he was a duly qualified taxpaying citizen and voter of the City of Robstown. The suit was instituted on or about the 1st day of March, 1938. On the 22d day of September, 1938, J. E. Hightower filed a sworn application for a nonsuit and personally called the application to the attention of the trial court. Afterwards, on the same day, R. E. Horine filed a request to intervene in said cause, and the matter was set down for a hearing. On September 24, 1938, the application of J. E. Hightower for a non-suit and the request of R. E. Horine to intervene were considered together, and the court entered an order dismissing J. E. Hightower's suit and discharging the contestees as to him, and substituting R. E. Horine as contestant.

The case was tried before the court, without the intervention of a jury, and resulted in judgment upholding the validity of the election and denying contestant, R. E. Horine, any relief. R. E. Horine has appealed from this judgment.

The first question with which we are here confronted is whether the court properly substituted R. E. Horine as contestant herein after the original contestant, J. E. Hightower, had filed his application for non-suit. We are of the opinion that when J. E. Hightower filed his application to dismiss the contest and called the court's attention to the same, this election contest was at an end, and the court was without authority to substitute another as contestant and permit the suit to continue. An election contest is not an ordinary civil suit; it is a special statutory proceeding which can only be maintained where all of the requirements specified in the election contest statutes (Arts. 3041 to 3075, R.S.1925) are complied with. J. E. Hightower did not purport to file this election contest on behalf of any one else other than himself. He was authorized by the provisions of Art. 3069, to maintain this election contest

without being joined by any one else. R. E. Horine was an absolute stranger to the election contest until he filed his petition to intervene, long after the notice of contest had been served and long after the election contest had been filed. He had in no way complied with the requirements of the statute authorizing him to maintain an election contest.

We find it unnecessary to go into the other questions raised, as there was no proper contestant in the suit below and there is no proper appellant here, after the original contestant, J. E. Hightower, non-suited the election contest instituted by him.

Accordingly, the judgment below, which refused Horine any relief, will not be here disturbed, but will be affirmed.