**CITY OF HOUSTON and Annise D. Parker, Appellants**

v.

**Phillip Paul BRYANT and James Scarborough, Appellees**

NO. 01–16–00273–CV

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued January 12, 2017

Rehearing En Banc Overruled May 2, 2017

Collyn A. Peddie, Patricia L. Casey, City of Houston Legal Department, Houston, TX, for City of Houston and Annise D. Parker.

Eric B. Dick, LL.M., Joe Synoradzki, Dick Law Firm, PLLC, Houston, TX, Andy Taylor, Andy Taylor & Asscoiates, P.C., Brenham, TX, for Phillip Paul Bryant and James Scarborough.

Panel consists of Justices Jennings, Keyes, and Brown.

## OPINION

Evelyn V. Keyes, Justice

In this election contest, contestants/appellees, Phillip Paul Bryant and James Scarborough, challenge a ballot measure concerning term limits for City of Houston elective offices. Following the November 3, 2015 election in which Houston voters approved a measure increasing term limits, Bryant filed this election contest, Scarborough intervened, and contestees/appellants, the City of Houston and Annise D. Parker (collectively "the City"), filed a plea to the jurisdiction asserting that Bryant and Scarborough had failed to invoke the trial court's jurisdiction over the election contest or over the City. The City relied primarily on Texas Election Code section 233.008, titled "Return of Unserved Citation," which provides, "The citation issued in an election contest must direct the officer receiving the citation to return it unserved if it is not served within 20 days after the date of issuance." TEX. ELEC. CODE ANN. § 233.008 (West 2010). The trial court denied the City's plea.

The City appeals the trial court's ruling on its plea to the jurisdiction, arguing that (1) because Bryant failed to satisfy the requirements of section 233.008, the trial court never acquired jurisdiction over the election contest; (2) section 233.008 does not permit an unserved citation to be reissued after the twenty-day period has elapsed and the citation has been returned unserved; and (3) the trial court never acquired jurisdiction over Scarborough's petition in intervention because he filed his petition outside of the mandatory, jurisdictional thirty-day filing period for election contests and because the court never had jurisdiction over Bryant's underlying election contest.

We affirm the trial court's denial of the City's plea to the jurisdiction.

## Background

In the November 3, 2015 election, the City submitted a ballot measure seeking to increase the term limits for elective offices. The measure was approved by voters. However, Bryant believed that the wording of the measure was erroneous and deceptive.

On November 19, 2015, Bryant filed the underlying election contest challenging the ballot measure, citing as defendants and contestees both the City of Houston and former mayor Parker. Bryant asserted that the ballot language was deceptive and that the ballot initiative violated the Local Government Code.

The record contains citations directed to Parker as mayor and to the "City of Houston c/o Annise Parker"[1] stating that they were issued November 25, 2015. A process server completed the returns stating that he received the citations on December 15, 2015, and delivered the citations and copies of the original petition to "Annise Parker c/o Mayor, Clerk, Sec. or Treasurer" and to the "City of Houston, c/o Annise Parker" via certified mail at 900 Bagby, Houston, Texas 77002 at 11:59 a.m. on December 16, 2015. The record contains evidence that the citations and petitions were mailed on December 15, 2015, and delivered to the listed address on December 16, 2015.

On February 8, 2016, the City filed its special appearance and plea to the jurisdiction, arguing that Bryant had failed to serve either the City or the mayor and that "[b]y statute, [namely, Election Code section 233.008,] the citations [had] ex-

pired, service cannot be effected now, and the Court never obtained jurisdiction of this case or [the City]." The City further argued that Bryant "never served the City or former Mayor Parker" and that "the attempted service was untimely." Thus, it argued, Bryant could not proceed and the election contest should be dismissed.

On February 10, 2016, a new citation for Parker was issued. The return indicated that the process server received the citation on February 18, 2016, and served it on Parker in person in Cambridge, Massachusetts, on February 23, 2016.

On February 22, 2016, Scarborough moved for leave to intervene and filed a petition in intervention. Scarborough asserted that his intervention would aid in reaching a timely resolution to the election contest. Scarborough's petition in intervention, like Bryant's, alleged that the language of the ballot measure was misleading and improper, and Scarborough asserted that the proceeding was subject to expedited discovery and any other measures that would bring the matter to a speedy resolution.

The City moved to strike Scarborough's plea in intervention and filed a second plea to the jurisdiction, in addition to supplementing its original special appearance and plea to the jurisdiction. The City argued that Scarborough could not intervene in Bryant's purported election contest because the trial court never obtained jurisdiction over Bryant's election contest and because Scarborough's petition in intervention, "also a purported election contest, was filed too late and therefore this court has no jurisdiction to consider it." The City also answered, subject to its special appearance and plea to the jurisdiction, de-

---

1. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.024(b) (West 2015) ("In a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer.").

nying Bryant's and Scarborough's claims.[2] The trial court denied both pleas to the jurisdiction. On March 30, 2016, the City filed a notice of appeal challenging the trial court's denial of the pleas to the jurisdiction.[3]

### Standard of Review for Plea to Jurisdiction

■■■ A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The existence of subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We do not look to the merits of the plaintiff's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 308 (Tex. App.– Houston [1st Dist.] 2001, pet. denied). In reviewing a jurisdictional ruling, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept factual allegations as true. *Miranda*, 133 S.W.3d at 226. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 228.

### Analysis

The City argues that the trial court lacks jurisdiction over this election contest because Bryant failed to comply with Election Code section 233.008 in serving process on the City.

### A. Election Code Section 233.008 Does Not Deprive the Trial Court of Jurisdiction

■■■ "An election contest is a special proceeding created by the Legislature to provide a remedy for elections tainted by fraud, illegality, or other irregularity." *Blum v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999). Because election contests are creatures of statute, "the power of a trial court to consider such contests exists only to the extent authorized by statute." *Nichols v. Seei*, 97 S.W.3d 882, 883 (Tex. App.–Dallas 2003, no pet.). The Election Code vests the district court with exclusive jurisdiction over this election contest. *See* TEX. ELEC. CODE ANN. § 221.002(a) (West 2010); *see id.* § 221.002(f) (providing that court of appeals has appellate jurisdiction over contests originating in district court).

■■■ It is undisputed that Bryant filed his election contest within the deadline set out for the filing of the election contest here. *See* TEX. ELEC. CODE ANN. § 233.006(a)–(b) (West 2010) (providing that contest of ballot measure must be filed no earlier than day after election day and no later than thirty days after date that official result of contested election is determined). The thirty-day deadline by

2. Bryant and Scarborough also filed traditional motions for summary judgment on the merits of their claims, and the City responded and objected to some portions of the summary judgment evidence. The trial court granted some of the objections to evidence (over the City's objection to the court's ruling on summary judgment matters prior to determining the City's jurisdictional complaints) and denied these motions to summary judgment. Bryant and Scarborough have also filed a petition for permissive appeal of the trial court's summary judgment rulings, resulting in the related case *Scarborough v. City of Houston*, cause number 01–16–00302–CV, on appeal from the 333rd District Court of Harris County, Texas.

3. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2016) (providing that party may appeal interlocutory order granting or denying plea to jurisdiction by governmental unit).

which the petition must be filed under section 233.006(b) is jurisdictional and non-waiveable. *Nichols*, 97 S.W.3d at 883. Thus, the trial court obtained subject-matter jurisdiction upon the timely filing of Bryant's petition. However, the City argues that the trial court lacks jurisdiction over Bryant's election contest because he did not properly serve the City within what it construes as the "mandatory 20–day jurisdictional period under [section] 233.008." It argues that section 233.008 is jurisdictional, and it also argues that section 233.008 does not permit the reissuance of an unserved citation.

■ While it is true that "failure of a jurisdictional requirement deprives the court of the power to act (other than to determine that it has no jurisdiction), and ever to have acted, as a matter of law," failure of a non-jurisdictional provision does not deprive the tribunal of the power to hear the case, "although other consequences may flow from a party's failure to comply with the requirement." *City of De-Soto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). The Texas Supreme Court has held that because deeming a provision jurisdictional " 'opens the way to making judgments vulnerable to delayed attack for a variety of irregularities that perhaps better ought to be sealed in a judgment,' " it has been "reluctant to conclude that a provision is jurisdictional, absent a clear legislative intent to that effect." *Id.* (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000)).

■ To determine whether a statutory requirement is jurisdictional, we apply statutory interpretation principles, with the goal of ascertaining "legislative intent by examining the statute's plain language." *Id.* at 394. In doing so, "we begin with the text." *Id.*

Election Code section 233.008, on which the City primarily bases its argument, pro-vides in its entirety, "The citation issued in an election contest must direct the officer receiving the citation to return it unserved if it is not served within 20 days after the date of issuance." Tex. Elec. Code Ann. § 233.008. It is silent regarding the time for a plaintiff to deliver the petition and citation to the contestees and thus complete service of process in an election contest.

■ Section 233.008 is clearly mandatory, in that it provides that a citation issued in an election contest "must direct" the officer to return the citation unserved if it is not served within twenty days after it was issued. *See id.*; *see also White*, 288 S.W.3d at 395 (observing that Code Construction Act explains that " 'must' creates or recognizes a condition precedent" and that " 'must' generally means mandatory"). However, "just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional." *White*, 288 S.W.3d at 395 (quoting *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999)).

■ Here, section 233.008 does not contain any explicit language indicating that this requirement is jurisdictional. *See id.* By its plain language, it does not set out a deadline for the plaintiff in an election contest to complete service of process by delivering the petition and citation to the defendant. Section 233.008 does not set forth any terms regarding the time for effecting service of process in general; nor does it provide any special considerations for effecting service of process in an election contest or otherwise alter the method of service beyond providing for an additional direction to the officer receiving such a citation to return the citation unserved unless it is served within twenty days. It does not prohibit the reissuance of a citation or preclude a party from making

a second attempt at service of process if a defendant cannot be served on the first attempt. Where a statute is silent on an issue, we presume that the silence is a careful, purposeful, and deliberate choice. *See Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 453 (Tex. 2012) (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)).

Likewise, the statute does not provide any specific consequence for noncompliance with section 233.008. *See White*, 288 S.W.3d at 396 (holding that courts may look "for 'the presence or absence of specific consequences of noncompliance' in determining whether a provision is jurisdictional"). Rather, the statutory scheme created by the Election Code for courts considering election contests weighs against holding that section 233.008 is a jurisdictional requirement.

Election Code section 231.002, governing election contests in district court generally, provides, "Except as otherwise provided by this subtitle, the rules governing civil suits in the district court apply to an election contest in the district court." TEX. ELEC. CODE ANN. § 231.002 (West 2010). Thus, except as provided in section 233.008, service of citation in an election contest is governed by the rules governing service of citation in civil suits. *See, e.g.*, TEX. R. CIV. P. 99, 106, 107 (setting out rules for issuance and form of citation, method of service, and return of service). The established law governing civil suits generally contemplates that citation may be reissued or that service may be attempted more than once, so long as that service is effected with reasonable diligence. *See* TEX. R. CIV. P. 99(a) ("Upon request, separate or additional citations shall be issued by the clerk."); *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (holding that if plaintiff files petition within limitations period, service of process outside limitations period may still be valid if plaintiff exercises diligence in procuring service on defendant); *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202–03 (Tex. 1985) (holding that curable defect in service of process does not defeat defendant's amenability to court's process and serves only to provide defendant with more time to answer).

The City cites multiple cases that it claims support its interpretation of Election Code section 233.008. *See, e.g., Mitchell v. Carroll Indep. Sch. Dist.*, 435 S.W.2d 280, 282 (Tex. Civ. App.–Fort Worth 1968, writ dism'd w.o.j.) (holding that notice provision in predecessor to current Election Code, requiring that election contestant notify constestee of intent to challenge election within thirty days of date of that election, was mandatory and jurisdictional); *Treaccar v. City of Galveston*, 28 S.W.2d 887, 889 (Tex. Civ. App.–Galveston 1930, writ ref'd) (holding same); *Barker v. Wilson*, 205 S.W. 543, 546 (Tex. Civ. App.–Austin 1917, no writ) (holding same).

However, these cases construe a predecessor to the current Election Code, former article 9.03 of Vernon's Annotated Civil Statutes, which was materially different.[4] Thus, those cases are inapplicable

---

4. Article 9.03 provided,

> Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on

which such contestant relies to sustain such contest.
Act of June 28, 1951, 52nd Leg., R.S., ch. 492, 1951 Tex. Gen. Laws 1153, 1158 (amended 1985) (current version at TEX. ELEC. CODE ANN. §§ 232.008(b), 233.006(b)); *see also Mitchell v. Carroll Indep. Sch. Dist.*, 435 S.W.2d 280, 281–82 (Tex. Civ. App.–Fort Worth 1968, writ dism'd w.o.j.) (dis-

here. *See Nichols*, 97 S.W.3d at 883–84 (recognizing that cases interpreting former article 9.03 of Vernon's Annotated Civil Statutes and other related provisions are not applicable in construing current version of Texas Election Code); *see also Rodriguez v. Cuellar*, 143 S.W.3d 251, 257 (Tex. App.–San Antonio 2004, pet. dism'd) (holding that provisions in current Election Code have replaced article 9.03's "two-fold notice requirement" and declining "to import the requirements of article 9.03 into today's election code").

The City also relies on *Lewis v. Lewis*, 667 S.W.2d 910 (Tex. App.–Waco 1984, no writ), construing the now-repealed Texas Rule of Civil Procedure 101, to support its argument that the trial court lacked jurisdiction here. The City argues that "[c]ourts uniformly applied the language in former Rule 101 to deny jurisdiction when a defendant was served with a citation older than 90 days"; that former Rule 101 "parallels that of the Texas Election Code citation requirement that the citation shall be returned unserved if not served within 20 days"; and that "[o]nly the deadline [for serving the citation] differs."

However, *Lewis* construes a rule of procedure that has since been repealed, and the current Rules of Civil Procedure, including Rules 99, 106, and 107, contemplate the reissuance of citation and the permissibility of multiple attempts at completing service of process. *See id.* at 911; *see also* TEX. R. CIV. P. 99, 106, 107 (setting out rules for issuance and form of citation, method of service, and return of service).

We conclude that section 233.008 does not present a jurisdictional requirement to Bryant's maintaining this election contest, and the trial court did not err by denying the City's plea to the jurisdiction on this ground.

The City also argues that the citation here did not contain the language required by Election Code section 233.008, directing the officer receiving the citation to return it unserved if not served within twenty days after the date of issuance. And the City argues that the trial court lacks jurisdiction because the certified mail receipt for the service by mail was signed by someone other than the mayor. These arguments are likewise unavailing. We hold that section 233.008 is not jurisdictional. However, "other consequences may flow from a party's failure to comply with the requirement." *See White*, 288 S.W.3d at 393. And consideration of those consequences, such as whether service of citation was timely, are not properly addressed through a plea to the jurisdiction, as the City filed here.[5]

cussing old statutory scheme). The old version of the Election Code did not contemplate the filing and service of a petition until after the contestant notified the contestee and the contestee's reply was received. *See Nichols v. Seei*, 97 S.W.3d 882, 883 (Tex. App.–Dallas 2003, no pet.); *see also Walker v. Thetford*, 418 S.W.2d 276, 281–82 (Tex. Civ. App.–Austin 1967, writ ref'd n.r.e.) (citing duty of contestee to reply within ten days after receiving written notice of election contest and citing article 9.31 of Vernon's Annotated Texas Statutes, Election Code). At that time, both documents were filed with the district clerk. *See Nichols*, 97 S.W.3d at 883 (discussing former version of Election Code).

The current law replaces the old notice and filing requirements with Election Code section 233.006(b), which requires that an election contest be filed within thirty days after the date the official result of the contested election is determined, and section 231.002 of the Code, which incorporates the rules governing civil suits generally. *See* TEX. ELEC. CODE ANN. §§ 233.006, 231.002 (West 2010).

5. For example, the City argues that Bryant failed to use diligence in procuring service of the citation. Section 233.006(b) is jurisdictional (and not expressly a statute of limitations that can be raised as an affirmative defense); however, to the extent the thirty-day

■ Although a claim of a defect in the service of process challenges whether the trial court's personal jurisdiction over the defendant has been properly invoked, such claims must be raised in a motion to quash, not in a jurisdictional challenge like a special appearance. *See Kawasaki Steel*, 699 S.W.2d at 202–03; *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st Dist.] 2005, no pet.). This is because a curable defect in service of process does not defeat a defendant's amenability to the court's process and serves only to provide the defendant with more time to answer. *Kawasaki Steel*, 699 S.W.2d at 202–03; *see also Baker v. Monsanto Co.*, 111 S.W.3d 158, 161 (Tex. 2003) (citing *Kawasaki Steel* in context of Rule 21a and holding that motion to quash is appropriate device to object to procedural error in service); *Wright v. Sage Eng'g, Inc.*, 137 S.W.3d 238, 245–46 (Tex. App.–Houston [1st Dist.] 2004, pet. denied) (discussing *Kawasaki Steel* and *Baker*, and observing that jurisdictional plea is appropriate "to establish that the Texas court cannot, under the federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over the person or the property of the defendant" and that defective service of process must be challenged by motion to quash rather than by special appearance), *abrogated on other grounds*, *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005); *see also Summersett v. Jaiyeola*, 438 S.W.3d 84, 92–93 (Tex. App.–Corpus Christi 2013, pet. denied) (citing Rule of Civil Procedure 120 and stating that complaints regarding service of process may—unlike other types of jurisdictional complaints—be waived or cured under some circumstances, such as when defendant makes general appearance).

■ The City has not filed a motion to quash, and its arguments regarding defects in service do not support the City's jurisdictional challenge here. Moreover, to the extent that defects in service were not curable or cured, such a failure in the service of process still would not "deprive[ ] the trial court of the power to act (other than to determine that it has no jurisdiction) . . . as a matter of law." *See White*, 288 S.W.3d at 393. Rather, when service is defective and the defect is not cured, courts may render summary judgment. *See, e.g., Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam) (holding that argument that plaintiff did not use diligence in serving citation for petition filed within limitations period may be raised by affirmative pleading of limitations and establishing that service occurred after any limitations period had expired; burden shifts to plaintiff to demonstrate diligence; plaintiff's diligence in effecting service is question of fact).

Accordingly, we reject the City's arguments that the trial court never acquired jurisdiction over Bryant's election contest under section 233.008 and that section 233.008 does not permit an unserved petition to be reissued after the twenty-day period for serving the citation or returning it unserved has expired.

We overrule the City's first and second issues.

---

deadline is analogous to a statute of limitations, due diligence must still be used by a contestant in procuring the issuance and service of citation. *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex. App.–Houston [1st Dist.] 1999, pet. denied). "The duty to use due diligence continues from the date the suit is filed until the date the defendant is served." *Id.* The well-established principles are, as the City argues, especially appropriate in an election contest in which "time is of the essence." *See Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 630 (1957). However, the exercise of due diligence is generally a question of fact unless it can be determined as a matter of law that no valid excuse exists for a plaintiff's failure to timely serve notice of process. *Taylor*, 4 S.W.3d at 65.

## B. The Trial Court Has Jurisdiction Over Scarborough's Intervention

In its third issue, the City argues that the trial court lacks jurisdiction over contestant/appellee Scarborough's petition in intervention. It argues that, because the trial court lacked subject-matter jurisdiction over Bryant's election contest, Scarborough "attempted to intervene in a lawsuit that was not viable, that no court had acquired jurisdiction to hear." However, Bryant timely filed his election contest on November 19, 2015. *See* TEX. ELEC. CODE ANN. § 233.006(b). And we have already rejected the City's arguments asserting that the trial court lacked subject-matter jurisdiction over Bryant's election contest.

The City also argues that, even if Bryant's election contest was properly filed, the court still lacked jurisdiction over Scarborough's intervention because "Scarborough first had to comply *independently* with the jurisdictional requirements imposed on contestants by the Election Code." (Emphasis in the original). The City asserts that Scarborough's petition in intervention was filed outside the thirty-day filing deadline for petitions contesting an election set out in Election Code section 233.006(b), and thus Scarborough's petition could not itself invoke the trial court's jurisdiction. This argument is likewise without merit in light of the language of the Election Code and law governing interventions generally.

Election Code section 233.004 provides, "The court may permit one or more qualified voters of the territory covered by the contested election to intervene as contestants or contestees." TEX. ELEC. CODE ANN. § 233.004(a) (West 2010); *see id.* § 233.004(b) (providing that trial court shall determine extent to which each intervenor may participate "as the ends of justice and orderly procedure require"). The Election Code does not provide a deadline for the filing of a petition in intervention. Interventions, by their very nature, are made after a petition has already been filed in a matter and the trial court's jurisdiction has already been invoked—they are not separate causes of action. *See, e.g., In re H.G.*, 267 S.W.3d 120, 122 n.1 (Tex. App.–San Antonio 2008, pet. denied) ("An intervention is an equitable motion filed by a nonparty voluntarily seeking to become a party in a pending suit to protect the nonparty's own rights.").

The City does not argue that Scarborough is not a qualified voter of the territory covered by the contested election, and it does not cite any authority providing a deadline for the filing of an intervention in an election contest case. Moreover, both statutory language and case law are to the opposite effect. *See* TEX. R. CIV. P. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."); *In re Estate of York*, 951 S.W.2d 122, 125 (Tex. App.–Corpus Christi 1997, no pet.) (holding that party may intervene any time before final decision on merits). The case relied on by the City, *Horine v. Kellam*, is distinguishable. In *Horine*, the court applied the predecessor to the current Election Code, which we have already held was materially different from the current version. *See* 123 S.W.2d 439, 439–40 (Tex. Civ. App.–San Antonio 1938, no writ).

We conclude that the trial court had jurisdiction over Scarborough's intervention in this case.

We overrule the City's third issue.

## Conclusion

We affirm the order of the trial court denying the City's plea to the jurisdiction.