ACCEPTED
15-25-00142-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/5/2025 3:21 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00142-CV

IN THE FIFTEENTH COURT OF APPEALS

AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/5/2025 3:21:27 PM
CHRISTOPHER A. PRINE
Clerk

ROBERT EDWARD BATTAILE, Appellant

v.

JANE NELSON, Secretary of State of Texas, and

JEFFREY TRAVILLION, Travis County Commissioner, Appellees

**APPELLANT'S ANSWER TO JOINT APPELLEES' BRIEF**

## I. INTRODUCTION AND OVERVIEW OF APPEAL

Appellant Robert Edward Battaile submits this Reply Brief in further support of his appeal and in answer to the Appellees' consolidated briefs. This case is not complex but clear. The constitutional and statutory breaches here are self-evident. Iura novit curia — the Court knows the law. When a citizen is removed from a public park for no reason, when an election authority ignores its statutory duty to investigate coercion, or when a jail subjects the un-convicted to degrading conditions, those wrongs speak for themselves. Appellant's purpose in joining these related abuses within a single record is

– 1 –                                      15-25-00142-CV

to permit the Court to address the systemic pattern, not its isolated symptoms. Appellant seeks reversal of dismissals, restoration of omitted parties, and remand for trial of fact before a jury or special master, together with declaratory and injunctive relief to restore transparency, equal protection, and public trust in Texas governance.

**Statement of Urgency**

Appellant respectfully notes that he has twice within recent months applied for Emergency Temporary Restraining Orders because the underlying harms are ongoing and time-sensitive. Time is of the essence. Accordingly, although the Court has allowed twenty (20) days for response, Appellant declines that period and submits this Answer within five (5) days of receipt of the Court's notice, so that review may proceed without delay. Appellant notes that emergency relief on these same matters is already pending before this Court under his prior Petition for Writ of Mandamus. Thus, Duty Judge Gamble's "unable to respond" answer to Appellant's Emergency TRO requests evidences the continuing procedural void that requires appellate direction. A 29" 150-year old Pecan Tree spared for 30 days and then allowed to be cut down epitomizes a "moot point" after the fact of its demise for no good reason by Dalfen Industries due to judicial inadequacy and developer greed.

**II. BACKGROUND AND PROCEDURAL HISTORY**

Appellant filed suit in the 459th District Court of Travis County alleging election coercion, misuse of public land, retaliation, and denial of constitutional rights arising from state and local misconduct. After successive Rule 91a dismissals issued without hearing or written findings, Appellant perfected appeal. During transfer from the Third Court of Appeals to the new Fifteenth Court, numerous filings—including the Second Amended Petition—were omitted. A Motion to Supplement the Record filed September 28 2025 was marked "moot" before review, leading to partial dismissal of defendants whose pleadings were never considered.

These dismissals mirror the trial court's 'systemic delays and bias' alleged in Relator's Mandamus (No. 15-25-00143-CV, pp. 1-2), where unruled motions pend for nine months (Mandamus Ex. A).

## III. RULE 91a STANDARD AND MISAPPLICATION

Rule 91a permits dismissal only when a petition presents no basis in law or fact. The trial court's summary orders—issued without transcript or stated reasoning—violated City of Keller v. Wilson, 168 S.W.3d 802 (Tex. 2005). Courts must accept well-pleaded facts as true and may not resolve factual disputes under Rule 91a. No court reporter was present when Appellant was absent from a July 3rd, 2025 hearing that produced dismissal and granted legal fees to the Defendant; no record exists, rendering

the order unreviewable and constitutionally defective.

## IV. STANDING AND INJURY

Appellant's injuries are direct, concrete, and particularized: exclusion from public parks on false pretexts; arrest and jailing in subhuman conditions; retaliation for speech; denial of access to counsel; and deprivation of historic and cultural property, parkland and fees. These harms satisfy Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) and Brown v. Todd, 53 S.W.3d 297 (Tex. 2001). Appellees' renewed assertions of "no injury" ignore the record and their own earlier concessions.

## V. ELECTION-CONTEST ISSUES AND RELIEF SOUGHT

The 2024 City of Manor election was tainted by coercion and statutory violations. Secretary of State, Jane Nelson withheld evidence as to whether or not she failed to investigate written complaints under Tex. Elec. Code § 273.001. The unlawfully constituted Manor City Council approved contracts, including Dalfen Industries' warehouse project, without a legal quorum or required Traffic Impact Study. Appellant seeks remand for trial on these election- and due-process claims.

## VI. ULTRA VIRES CONDUCT BY STATE AND LOCAL OFFICIALS

Each remaining defendant acted outside lawful authority:

• Secretary Jane Nelson – failed to investigate election coercion and concealed records.

• Commissioner Jeffrey Travillion – funded unconstitutional jail operations, ignored transit inequities, hid unclear title at county park/Manor Library, mocked Appellant by calling him "an idiot" on a public livestream, and disregarded documented reports of election coercion.

• Sheriff Sally Hernandez – maintains punitive and unsanitary confinement conditions at Travis County Central Booking, has no public email and sent Appellant no response from her campaign email. Refused to confirm in writing that anyone could park at the entrance to Manor's "secret" 200-acre Woodlands Park with its one-mile nature trail despite being PUBLIC roads maintained by Travis County and patrolled by Sheriffs.

•City of Manor and Its Officials – used their offices to retaliate against protected speech and community advocacy. They knowingly permitted repeated destruction and mowing of the McVey Cemetery area on behalf of private developers; denied or delayed responses to lawful Open-Records and ethics complaints; issued false "public-health" declarations to justify locking citizens out of public bocce courts for nine months; barred the Austin Bocce League from Juneteenth participation despite advance notice and available space; censored or muted Appellant's public-comment remarks during city meetings; and based on false statements, coordinated with police to enforce exclusions and two arrests that were later thrown out for lack of evidence and Owens v Texas.

Together these acts show a deliberate policy of suppressing transparency, punishing dissent, and favoring private development over public trust, in violation of the Texas Constitution and 42 U.S.C. § 1983.

Under City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009), these ultra vires acts are not shielded by immunity.

## VI-A. BOCCE COURTS RETALIATION, PUBLIC-HEALTH PRETEXT, AND UNEQUAL TREATMENT

The City of Manor falsely declared the bocce courts maintained by the Austin Bocce League (ABL)—a 501(c)(3) nonprofit directed by Appellant—to be a "public-health and safety hazard." This baseless declaration was presented to Commissioner Travillion and the Travis County Commissioners Court in open session and referenced repeatedly in Appellant's Manor TX Newsletters. No County official acted to investigate or correct the record.

The City then removed ABL's donated improvements, left open holes in court walls, never did any maintenance and landscaping, and locked the facility for nine months, harming the entire community—including senior citizens and Special Olympics athletes from Manor and Elgin. During this period Walter Muse, Travillion's Chief of Staff, offered to build new courts at Ben E. Fisher Park; Appellant graciously declined,

noting the existing courts were quite fine and safe and that there was no need to spend additional funds. The offer and its withdrawal proved there was never a real hazard and that the City's claim was retaliatory pretext.

In 2024 the City also barred ABL from hosting a booth at its Juneteenth celebration, despite ample space and notice. This exclusion of a nonprofit that was the ONLY activity in town serving the entire community including seniors and persons with disabilities. That was unequal treatment and a civil-rights violation under the Texas Constitution and 42 U.S.C. § 1983. These acts show scienter, pretext, and deliberate indifference by Travillion and City officials and justify injunctive and declaratory relief under Heinrich, Brown v. City of Houston, and Monell v. Dept. of Social Services.

## VII. ADDITIONAL CONSTITUTIONAL FAILURES UNDER STATE AND COUNTY OVERSIGHT

1. Courts of No Record / "Magisterial" Court of No Record – Recordless tribunals funded by the Commissioners violate Tex. Const. art. I §§ 13 & 19 and U.S. Const. amend. XIV. Texas has 709 municipal courts of no record and about 1,400 justice courts, covering over 84 percent of its cities—a statewide system of opacity.

2. Travis County Central Booking Inhumane Jail Conditions – Continuous lighting,

noise, and sleep and sunlight deprivation at Central Booking punish the unconvicted, violating Bell v. Wolfish and Ruiz v. Estelle.

3.Environmental and Land-Use Corruption – Approving Dalfen's 147-acre warehouses without a Traffic Impact Study breaches the Public Trust Doctrine and ignores greenbelt maps along Gilleland Creek, including developer thefts of funds and parkland admitted to in court.

4.McVey Cemetery Desecration – Failure to order a GPR survey and protect historic burials violates state heritage duties.

5.Transit Deception and Election-Day Poll Tax (CapMetro) – Through CapMetro, chaired by Travillion, the County collected full transit-tax revenue while failing to disclose that there would be no weekend service in or to Manor. Further the service does not extend to reaching the poll sites and is thus a modern-day poll tax causing many to not vote. Iura novit curia – the Court knows that when government collects for a service tied to a fundamental right and then withholds it, the constitutional injury is self-evident. The Manor community, overcharged roughly $400,000 in six years, was denied critical mobility within the city on the most important community-building days and was forced to "tolerate mediocrity."

6.Public Comment and Open-Records Suppression – Nelson and County officials permit silencing of speakers and non-response to PIA requests. This further lack

of enforcement capability is a Constitutional Challenge. Appellees also failed to investigate any of Appellant's "in-active file" police complaints.

7.Retaliation via Bocce Courts Pretext – Travillion's office through Walter Muse offered and withdrew new courts while invoking "public safety" to exclude Appellant—further proof of pretextual retaliation.

## VIII. CLARIFICATION OF DISMISSALS

Dismissal of individual defendants does not extinguish the underlying constitutional or statutory violations. Those breaches remain active and require remand for determination on the merits.

## IX. RECORD REVIEW AND DUE-PROCESS FAILURE ("MOOT SEQUENCE")

The September 28 2025 Motion to Supplement was marked "moot" by Clerk Christopher A. Prine on October 15, a day before the Court's partial dismissal order. The panel therefore ruled on an incomplete record. This clerical omission and absence of a hearing transcript deprived Appellant of due process and requires reconsideration or remand.

## X. ONE DOOR, COMPLETE RELIEF

This appeal is not a catalogue of disconnected grievances but a single, ongoing pattern of unlawful conduct by government officials and their private developer counterparts. Together, they have operated as extensions of one another—interchanging favors, approvals, and retaliatory acts in ways that blur the boundary between public duty and private gain. The resulting harm is not limited to any one transaction or parcel; it represents a continuing abuse of authority that injures the community as a whole.

One Door, Complete Relief. Appellant has pleaded at least one ultra vires claim that independently confers jurisdiction for prospective relief. Under Texas law, that single jurisdictional foothold permits the Court to enjoin the challenged policy in its entirety, not piecemeal. The Court need not litigate each retaliatory act or each misuse of land and power one by one; once officials and their collaborating private partners act beyond lawful authority, the Court may issue forward-looking orders that fully abate the illegality across all of its manifestations while leaving any immune damages theories for another day.

The purpose of this doctrine is efficiency and justice. Endless trench warfare over each violation would only reward delay and perpetuate misconduct. By acknowledging one waiver of immunity through ultra vires conduct, this Court can restore accountability to a system that has grown dependent on immunity as a shield for coordinated wrongdoing. The law does not require a thousand separate doorways when one already stands open.

Applied to the Present Case. The same principle governs Appellant's preservation claims. If the James Manor Homestead is found to warrant protection under the public-trust doctrine, statutory preservation duties, or ultra viresreview, then the same reasoning necessarily extends to the other six historic sites identified in Appellant's TROs. These properties all lie within or adjacent to the codified Historic District and are subject to the same ordinances and the same municipal actors who ignored them. The City cannot selectively apply its "Comprehensive Plan" as a cudgel to favor private development while disregarding the plainly codified protections for historic property. Recognition of one qualifying site confirms the Court's jurisdiction and the City's ongoing duty to safeguard them all. The law does not require Appellant—or the community—to relitigate identical preservation duties seven times when a single judicial acknowledgment of those duties carries district-wide effect.

As this Court recognized in In re Hotze, 627 S.W.3d 642 (Tex. 2020) systemic election harms demand extraordinary intervention.

## XI. JUDICIAL DUTY STATEMENT

Having addressed the legal authorities and the procedural record, Appellant turns now to the broader judicial obligation implicated by this appeal.

Appellant submits that this Court possesses both the intellectual sophistication and moral independence to discern the difference between legitimate governmental authority

and the institutional failures. The record before the Court reveals not a single misstep but a systemic pattern—retaliation against protected speech, concealment of public records, and deliberate indifference to constitutional duty. These practices have persisted for generations under the banner of bureaucratic routine, perpetuating the same inequities that have shadowed Texas justice for two centuries.

One of the clearest examples lies in the continued operation of courts of no record across this state. Every day, Texans are subjected to unrecorded proceedings in which their liberty, property, and rights may be decided without a single word preserved for review. This condition persists not because of cost or technology—modern recording is literally a switch away—but because opacity serves those who prefer unaccountable government. The tools to fix it already exist; what is missing is the judicial insistence that truth be preserved rather than forgotten.

It falls now to this Court to decide whether that pattern continues. The integrity of the judiciary is tested not in easy cases but in those where truth offends the powerful. When procedural screens are used to block review rather than ensure fairness, justice itself becomes the casualty. This Court has both the intellect and the institutional courage to ensure that does not occur here. By exercising its supervisory authority to demand transparency and equal process, the Court will reaffirm that Texas jurisprudence remains capable of self-correction.

Accordingly, the Court should act decisively to:

15-25-00142-CV

1. Order a complete review of all pleadings and exhibits, including those omitted or mischaracterized below;

2. Remand for evidentiary hearings on retaliation, concealment, and unequal access to the courts;

3. Issue temporary injunctive relief to preserve the historic cemetery, the 150-year-old pecan tree, and related public property pending final adjudication;

4. Direct each Appellee to show cause why further sanctions should not issue for misleading or incomplete filings; and

5. Recommend statewide adoption of recorded proceedings for all courts of limited jurisdiction, ending the "no-record" era by simple technological implementation.

By these actions the Court will not only correct the errors before it but also restore faith that justice in Texas remains both conscious and courageous. To overlook the record would entrench the very status quo this proceeding seeks to reform. To confront it is to fulfill the oath of office and the promise of equal justice under law.

This pattern echoes the Mandamus's call for a Special Master under TRCP 171 to resolve election fraud and cemetery desecration (Mandamus pp. 18-21).

Granting relief here advances the Mandamus's prayer for 'original jurisdiction to resolve all issues' (Mandamus p. 1).

## XII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Honorable Court exercise its full constitutional and equitable authority to:

1. Reverse and Vacate all orders of dismissal entered below, and remand for comprehensive evidentiary hearings on Appellant's constitutional, statutory, and ultra vires claims;

2. Reinstate all parties and claims improperly dismissed, including those affecting public-trust property, election integrity, and retaliatory misconduct by officials in both their individual and official capacities;

3. Enforce Rule 2 judicial continuity, directing that this matter remain under one judge for consistency of record and review;

4. Appoint a Special Master or Tribunal under Rule 171 to supervise fact-finding, preservation of historic evidence, and compliance with discovery;

5. Issue immediate temporary injunctive relief protecting the Martin McVey Cemetery, the 150-year-old pecan tree, and all related historic sites, parklands, and community property pending final adjudication;

6. Compel full production of public records and correspondence unlawfully withheld by the City of Manor, Travis County, CapMetro, Manor ISD, and the Texas Elections Division;

7. Declare that Appellant possesses standing under both the Texas and United States Constitutions to challenge systemic corruption, election coercion, and unequal enforcement of law;

8. Recognize and enjoin ultra vires conduct, including misuse of public funds, retaliatory arrests, suppression of speech, and interference with access to public facilities;

9. Order statewide compliance with constitutional standards of transparency by mandating recorded proceedings for all municipal and magistrate courts presently operating "without record";

10. Refer matters of potential misconduct by counsel or officials for appropriate disciplinary or criminal review where the record demonstrates deliberate misrepresentation or concealment;

11. Grant declaratory and injunctive relief requiring preservation of all physical evidence and historical artifacts connected to the Clayton Vocational Institute, Manor Downs, and other named public-trust properties;

12. Award such additional equitable relief as justice requires, including attorney-fee equivalents, sanctions, or court-monitored restitution where appropriate; and

13. Grant any other relief—legal, equitable, or supervisory—to which Appellant shows himself justly entitled in the interest of public trust, historical preservation,

15-25-00142-CV

and constitutional accountability.

Respectfully submitted this 5th day of November, 2025 by,


_____*/s/ Robert Edward Battaile*_____
Robert Edward Battaile, Appellant Pro Se
502 E. Eggleston St., Unit B
Manor, Texas 78653
robert@manortx.us | 512-662-2955
Appellant / Relator Pro Se


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Appellant's Reply Brief was served

on all counsel of record and listed parties via the Court's e-file system and/or by email

on this 5th day of November, 2025.

____/s/ Robert Edward Battaile_____
Robert Edward Battaile, Pro Se


## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this document

contains approximately 2,903 words, excluding the portions exempted by Rule 9.4(i)(1).

_____*/s/ Robert Edward Battaile*___

Robert Edward Battaile, Pro Se

**EXHIBIT A**

**Refutation of Appellees' Case Law Citations**

**1. Meyers v. JDC/Firethorne, Ltd., 548 S.W.3d 477 (Tex. 2018)**

Background: Meyers involved homeowners challenging a municipal annexation agreement they claimed was void. The issue was whether residents and taxpayers had standing to sue for alleged statutory violations in the annexation process.

Holding: The Court reaffirmed that standing exists when a plaintiff alleges invasion of a legally protected interest that is concrete and particularized. It recognized that taxpayers and residents may establish standing when personally affected by governmental illegality.

Application / Refutation: Appellees misapply Meyers as a barrier to standing. In fact, Meyers supports Appellant's position: exclusion from public parks, retaliatory treatment by officials, denial of election participation, and suppression of records are direct, concrete invasions of protected rights. Meyers compels recognition of standing, not its denial.

**2. Heckman v. Williamson County, 369 S.W.3d 137 (Tex. 2012)**

Background: Attorneys challenged county officials for denying indigent-defense funds under the Fair Defense Act. The issue was standing to seek prospective injunctive relief.

Holding: The Court held that standing exists where plaintiffs allege ongoing governmental illegality or constitutional violations and that equitable relief may issue to prevent future harm.

Application / Refutation: Appellees cite Heckman to argue lack of redressable injury. The case actually confirms jurisdiction when officials act unlawfully in ways that harm the public. Appellant's claims of retaliatory exclusion, suppression of speech, and denial of equal access fit squarely within Heckman's framework for equitable relief.

---

**3. City of El Paso v. Heinrich, 284 S.W.3d 366 (Tex. 2009)**

Background: Heinrich addressed whether suits against state officials for injunctive relief violate sovereign immunity.

Holding: The Court held that sovereign immunity does not protect officials who act beyond lawful authority and established the ultra vires exception allowing injunctions against such conduct.

Application / Refutation: Appellees mischaracterize Heinrich as a shield. The decision instead authorizes precisely the type of ultra vires claims Appellant brings—targeting

officials who exceeded legal authority through retaliation, concealment, and misuse of public resources.

## 4. Mission Consolidated I.S.D. v. Garcia, 372 S.W.3d 629 (Tex. 2012)

Background: Garcia involved employment-discrimination claims against a school district.

Holding: The Court found limited statutory waiver for certain employment suits but preserved immunity for other torts in that context.

Application / Refutation: Appellees stretch Garcia far beyond its scope. It concerned personnel disputes, not constitutional or ultra vires misconduct. Appellant alleges systemic retaliation and due-process violations, none immunized by Garcia; the case is not applicable here.

## 5. City of Houston v. Bryant, 516 S.W.3d 47 (Tex. App.—Houston [1st Dist.] 2017, no pet.)

Background: Bryant involved city employees challenging a reorganization ordinance after statutory deadlines.

Holding: The court dismissed as untimely and upheld legislative immunity for votes

taken on the ordinance.

Application / Refutation: Appellees cite Bryant to label Appellant's filings untimely. Unlike Bryant, Appellant faced concealed filings and delayed notice—conditions that trigger equitable tolling. Because Bryant assumed proper notice, it is not applicable to these facts.

---

## 6. Nichols v. Seei, 97 S.W.3d 882 (Tex. App.—Dallas 2003, no pet.)

Background: Nichols addressed contestants who missed the ten-day election-contest deadline despite full notice.

Holding: The court deemed the deadline jurisdictional where no obstacle prevented timely filing.

Application / Refutation: Appellees rely on Nichols as an absolute bar. Later precedent recognizes exceptions when official misconduct delays or obstructs filing. Appellant's allegations of mis-serving and concealment distinguish this case; Nichols is therefore not applicable.

---

## 7. Nueces County v. Ferguson, 97 S.W.3d 205 (Tex. App.—Corpus Christi 2002)

Background: Ferguson considered whether a commissioner enjoyed legislative

immunity for votes taken in official session.

Holding: Legislative immunity covers core policymaking—debate and voting—but not administrative or retaliatory acts.

Application / Refutation: Appellees extend Ferguson beyond its limits. Appellant challenges administrative retaliation and misuse of office, actions outside the legislative sphere. Ferguson is not applicable and provides no protection for such conduct.

---

**8. Marshall v. Maropco Inc., 714 S.W.3d 724 (Tex. App.—Houston [1st Dist.] 2025)**

Background: Marshall involved a represented litigant whose brief failed to preserve error after summary judgment.

Holding: The court found waiver under Rule 38.1(i) because counsel omitted argument and citation.

Application / Refutation: Appellees invoke Marshall to claim waiver by Appellant. Marshall applies only to represented parties. Appellant proceeds pro se and is entitled to liberal construction under Mansfield State Bank v. Cohn, 573 S.W.2d 181 (Tex. 1978). Moreover, jurisdictional and constitutional issues cannot be waived. Marshall is not applicable to this appeal.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107707911
Filing Code Description: Other Document
Filing Description: APPELLANT'S ANSWER TO JOINT APPELLEES' BRIEF
Status as of 11/5/2025 3:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jeffrey Hobbs | 24012837 | jhobbs@abaustin.com | 11/5/2025 3:21:27 PM | SENT |
| Michael Kabat | 24050847 | mkabat@mcginnislaw.com | 11/5/2025 3:21:27 PM | SENT |
| Joanna Salinas | 791122 | joanna.salinas@fletcherfarley.com | 11/5/2025 3:21:27 PM | SENT |
| William Davidson | 5447000 | bdavidson@chmc-law.com | 11/5/2025 3:21:27 PM | SENT |
| Gavin Villareal | 24008211 | gavin.villareal@bakerbotts.com | 11/5/2025 3:21:27 PM | SENT |
| Michael Roberts | 24082153 | mroberts@jw.com | 11/5/2025 3:21:27 PM | SENT |
| Cynthia Veidt | 24028092 | cynthia.veidt@traviscountytx.gov | 11/5/2025 3:21:27 PM | SENT |
| Stephanie Serrano | 24092655 | sserrano@rothberg.law | 11/5/2025 3:21:27 PM | SENT |
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 11/5/2025 3:21:27 PM | SENT |
| Patrick Kelly | 11228000 | pat.kelly@traviscountytx.gov | 11/5/2025 3:21:27 PM | SENT |
| Tyler Ryska | 24096597 | tryska@rigbyslack.com | 11/5/2025 3:21:27 PM | SENT |
| Austin Jones | 24116579 | ajones@mcginnislaw.com | 11/5/2025 3:21:27 PM | SENT |
| William Duncan | 24124453 | wduncan@rigbyslack.com | 11/5/2025 3:21:27 PM | SENT |
| Roy Adams | | roy.adams@oag.texas.gov | 11/5/2025 3:21:27 PM | SENT |
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 11/5/2025 3:21:27 PM | SENT |
| Lauren Bush | 24142742 | lbush@jw.com | 11/5/2025 3:21:27 PM | SENT |
| Anna Puff | 24144206 | gtwnfilings@sneedvine.com | 11/5/2025 3:21:27 PM | SENT |
| Edward Smith | 24037790 | esmith@808west.com | 11/5/2025 3:21:27 PM | SENT |
| Robert EdwardBattaile | | robert@manortx.us | 11/5/2025 3:21:27 PM | SENT |
| Annette Bittick | | abittick@mcginnislaw.com | 11/5/2025 3:21:27 PM | SENT |
| Patricia Muniz | | paralegal@rigbyslack.com | 11/5/2025 3:21:27 PM | SENT |
| Raylynn Howell | | raylynn.howell@bakerbotts.com | 11/5/2025 3:21:27 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 107707911
Filing Code Description: Other Document
Filing Description: APPELLANT'S ANSWER TO JOINT APPELLEES' BRIEF
Status as of 11/5/2025 3:27 PM CST

Case Contacts

| Raylynn Howell | | raylynn.howell@bakerbotts.com | 11/5/2025 3:21:27 PM | SENT |
|---|---|---|---|---|
| Kim McBride | | kmcbride@mcginnislaw.com | 11/5/2025 3:21:27 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 11/5/2025 3:21:27 PM | SENT |
| Sneed Vine &Perry | | gtwnfilings@sneedvine.com | 11/5/2025 3:21:27 PM | SENT |
| Stormy Downing | | sdowning@rrspllc.com | 11/5/2025 3:21:27 PM | SENT |
| Andy Soule | | asoule@rrspllc.com | 11/5/2025 3:21:27 PM | SENT |
| Karah Powers | | kpowers@chmc-law.com | 11/5/2025 3:21:27 PM | SENT |
| Martha AnnAdams | | madams@abaustin.com | 11/5/2025 3:21:27 PM | SENT |
| Benjamin C. Hunt | | ben.hunt@bakerbotts.com | 11/5/2025 3:21:27 PM | SENT |
| Eldridge Burns | | eburns@rrspllc.com | 11/5/2025 3:21:27 PM | SENT |
| Amy Botelho | | abotelho@mcginnislaw.com | 11/5/2025 3:21:27 PM | SENT |
| Carol Shipley | | cshipley@rrspllc.com | 11/5/2025 3:21:27 PM | SENT |
| Emily Hill | | ehill@manortx.gov | 11/5/2025 3:21:27 PM | SENT |
| Anne Weir | | aweir@manortx.gov | 11/5/2025 3:21:27 PM | SENT |
| Legal Counsel | | info@dalfen.com | 11/5/2025 3:21:27 PM | SENT |
| W Fusselman | | wfusselman@txamfoundation.com | 11/5/2025 3:21:27 PM | SENT |