**Opinion issued April 2, 2026**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00799-CV**

———————————

**JOHN J. DIERLAM, Appellant**

**V.**

**ROBERT L. MUNGLE, LYNDA ENDERLI, AND RUBEN J. GARCIA, JR.,
Appellees**

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2024-31983**

---

**MEMORANDUM OPINION**

This is an appeal from an order granting a plea to the jurisdiction. Robert Mungle, Lynda Enderli, and Ruben Garcia, Jr. (collectively, "Directors"), are members of the Board of Directors of the Harris County Fresh Water Supply District No. 27, incumbents who ran for re-election unopposed.

Dierlam applied to be a candidate but the District's attorney opined that he was disqualified to serve as a Director. Ultimately, the Board adopted an order declaring the unopposed candidates re-elected and canceled the election. Dierlam brought this statutory election contest against the Board to challenge his disqualification as a candidate. *See* TEX. ELEC. CODE § 221.003.

In three issues, Dierlam contends that the trial court erred in granting the Directors' plea to the jurisdiction.

We affirm.

## Background

In February 2024, the Board called for an election for three open director positions to take place on May 4, 2024. Incumbent Directors Mungle, Enderli, and Garcia, applied to be candidates. Dierlam also applied.

In a letter to the Board presented at its April 9, 2024 meeting, Michael Bacon, the District's attorney, opined that Dierlam was not qualified to serve as a Board member. Bacon noted that Dierlam owned rental property in the District with multiple utility connections and tenants, had recently paid the District operator for installation of additional water and sewer taps at his property, and had stated his intention to further develop his property in the immediate future. Based on these facts, Bacon concluded that Dierlam was a "developer of property in the district in

2

connection with the district or property located in the district" and thus was disqualified to serve as a board member.

Dierlam's disqualification left the three remaining candidates unopposed. At the same meeting, a quorum of the Board adopted an order declaring Mungle, Enderli, and Garcia elected to the Board and canceling the May 4, 2024 election.

Dierlam brought an election contest against the directors under Texas Election Code section 221.003, alleging that (1) the Board and Bacon's action prohibited eligible voters from voting for any candidate other than the Directors and (2) Bacon and the Board wrongly prevented an election from taking place. According to Dierlam, his suit "revolves around" whether he meets the definition of "developer" in Texas Water Code section 49.052(d). Dierlam requested that the trial court oversee a new election or declare the Board's order void and order a new election.

Dierlam also filed a supplemental petition in which he identified the property he owned in the District, denied any intent to subdivide his property, and argued that he did not meet the Water Code's definition of developer.

The Directors responded with a plea to the jurisdiction, invoking the District's governmental immunity as a jurisdictional bar. They pointed out that an election contest was a statutory cause of action to challenge the election's outcome because:

> (1) illegal votes were counted; or (2) an election officer or other person officially involved in the administration of the election: (A) prevented eligible voters from voting; (B) failed to count legal votes; or (C) engaged in other fraud or illegal conduct or made a mistake.

TEX. ELEC. CODE § 221.003. According to the Directors, Dierlam's suit did not challenge the outcome of any "contested election" or any vote. Instead, Dierlam's suit challenged a candidacy determination, which should have been raised in a petition for writ of mandamus to the appropriate court of appeals. But because Dierlam did not petition for mandamus relief in time for officials to comply with pre-election statutes, his challenge to candidacy eligibility was moot. For those reasons, the Directors requested that the trial court dismiss Dierlam's suit for lack of subject matter jurisdiction.

Dierlam responded that the decision that he was ineligible for a place on the ballot was a "part of the elective process" and thus was the proper subject of an action under Election Code section 221.003.

**Standard of Review**

A plea to the jurisdiction is used to challenge a court's subject matter jurisdiction over a claim. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed." *Harris Cnty. v. Cabazos*, 177 S.W.3d 105, 108 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "Subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding." *Saudi v. Brieven*, 176 S.W.3d 108, 113 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

4

Whether a court has subject matter jurisdiction is a question of law, which we review de novo. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015). "In doing so, we exercise our own judgment and redetermine each legal issue, without giving deference to the lower court's decision." *City of Houston v. Houston Firefighters' Relief & Ret. Fund*, 667 S.W.3d 383, 395 (Tex. App.—Houston [1st Dist.] 2022, pet. denied).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015). We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.* If the pleadings present a fact question regarding the jurisdictional issue, a court cannot sustain the plea to the jurisdiction. *Id.* But if the pleadings affirmatively negate the existence of jurisdiction, then the court may grant the plea to the jurisdiction without allowing the plaintiff the opportunity to amend. *Miranda*, 133 S.W.3d at 227.

**Discussion**

"An election contest is a special proceeding created by the Legislature to provide a remedy for elections tainted by fraud, illegality, or other irregularity." *Blum v. Lanier*, 997 S.W.2d 259, 262 (Tex. 1999). Because election contests are creatures of statute, a trial court's authority to consider such contests "exists only to

the extent authorized by statute." *Nichols v. Seei*, 97 S.W.3d 882, 883 (Tex. App.—Dallas 2003, no pet.), *quoted in City of Houston v. Bryant*, 516 S.W.3d 47, 51 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The Election Code vests the district court with exclusive jurisdiction over an election contest. *See* TEX. ELEC. CODE ANN. § 221.002(a); *see also id.* § 221.002(f) (providing that court of appeals has appellate jurisdiction over contests originating in district court).

An election contest challenges the outcome of an election. *See* TEX. ELEC. CODE § 221.003(a). The statute defines the scope of the court's inquiry in determining an election's true outcome, which includes determining whether illegal votes were counted, legal votes were not counted, eligible votes were not permitted to vote, or whether the election administrator violated law or committed error or fraud. *See id.*

Dierlam's complaint involves none of these inquiries. As Dierlam and the Directors emphasized in the trial court, Dierlam's challenge stems from the determination of the District's attorney that Dierlam was a "developer" as defined by Texas Water Code section 49.052(d) and thus was disqualified from sitting on the Board of Directors. Because of this determination, Dierlam was never a candidate.

Dierlam argues that the trial court had jurisdiction under Election Code Chapter 221 because the determination that he was ineligible involved "fraud or

6

illegal conduct or made a mistake." But this language applies to actions taken by an "election officer or other person officially involved in the administration of the election." TEX. ELEC. CODE § 221.003(a)(2)(C). The Election Code provides that candidate eligibility is not decided by an election officer or administrator, but "the authority with whom the candidate's application for a place on the ballot is required to be filed." *Id.* § 145.003(b)(2). The difference in titles denotes a difference in function. Candidates must be deemed eligible before their name can appear on a ballot. Thus, section 221.003(a)(2)(C) does not apply to Dierlam's complaint.

This is not to say that Dierlam was without a remedy. "[A]n election authority's duty to declare a candidate ineligible when required to do so under section 145.003 is a 'duty imposed by law' and is subject to mandamus relief." *Jefferson-Smith v. City of Houston*, No. 01-20-00136-CV, 2020 WL 4589745, at *3 n.5 (Tex. App.—Houston [1st Dist.] Aug. 11, 2020, no pet.) (mem. op.).

In his appellant's brief, Dierlam is equivocal about whether he would seek mandamus relief, and we note that his appellate filings do not comply with the requirements for a petition for a writ of mandamus. *See generally* TEX. R. APP. P. 52. Mandamus is an extraordinary remedy that is available under these circumstances only when the relator shows that the public official or body has a legal duty to perform a nondiscretionary act, a demand for performance of that act has been made, and the official or body refuses to perform. *Bd. of Trs. of Houston*

7

*Firefighters Relief & Ret. Fund v. City of Houston*, 466 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Dierlam does not make this showing or identify any possible mandamus relief that could affect the District's 2024 disqualification decision. We decline to consider Dierlam's appellate briefing as a petition for writ of mandamus.

The Directors, as officials of the District, are entitled to governmental immunity. *See* TEX. GOV'T CODE § 2256.002(7) (definition of "local government" includes fresh water supply district); TEX. LOC. GOV'T CODE § 562.002 (permitting sale of county surplus water to "a political subdivision of this state, including a . . . fresh water supply district"); *Harris Cnty. Fresh Water Supply Dist. No. 61 v. Magellan Pipeline Co., L.P.*, 649 S.W.3d 630, 640 (Tex. App.—Houston [1st Dist.] 2022, pet. denied) (explaining that Water Code section 49.066(a), which gives fresh water supply district right to "sue and be sued" did not waive district's immunity from suit). Under Texas law, governmental units are generally entitled to governmental immunity from suit and liability unless the state legislature has clearly and unambiguously waived immunity. *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612–13 (Tex. 2018). Dierlam has not raised any fact issue showing a waiver of governmental immunity by the Directors or the District.

For these reasons, we hold that the trial court did not err in granting the Directors' plea to the jurisdiction.

**Conclusion**

We affirm the trial court's order.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.